200 WISCONSIN REPORTS. [1859

State ex rel. Merrill vs. School Land Commissioners.

## THE STATE, ex rel. HENRY MERRILL vs. THE SCHOOL LAND COMMISSIONERS.

### APPLICATION FOR MANDAMUS.

Heard August 2.]                    [Decided August 4, 1859.

#### School Lands—Pleadings—Mandamus.

The statute relating to the sale of school lands, requires the purchaser, before he is entitled to his patent for lands bought, on which there are improvements, to pay for the improvements within two years after the sale, and not that he furnished evidence to the commissioners of such payments; actual payment is the material fact.

Where an immaterial issue has been joined in an action of mandamus, and the same has been tried at the circuit, the supreme court will not enter judgment on the verdict. But in such a case the court will allow a new answer to be put in, so as to make the issue material, and grant a new trial.

Where a party averred that he had *furnished* sufficient evidence of payment for improvements to the school land commissioners, and the opposite party denied that he did *furnish* sufficient evidence, such an issue is immaterial; the issue should be—did he pay for the improvements?

The application was for a mandamus, to compel the school land commissioners to annul an order made by them to vacate an entry of lands made by Henry Merrill, the relator. The relation set forth that on the 1st of October, 1853, he examined the plats in the office of the commissioners, to see what lands were vacant, and subject to entry; and that he found no pre-emptions, on the lots he desired to enter, on file in the office, and finding the lots vacant, he entered them in his own name, and the certificates of purchase were issued to him in the usual form by the commissioners. After his purchase Joseph Thomas claimed for improvements on the lands, and that he made an agreement to pay him for them. That it appears by the books of the commissioners that these improvements had been appraised and returned at $49,60, on one lot to Joseph Thomas; $103,60 on a second to Edmund Purdy; and on the third at $98 to Elias Thomas. That at the end of two years Joseph Thomas applied to the commissioners to vacate the certificate, because the payment of the

value of the improvements had not been made, &c.; and on that application the certificates were vacated. That Joseph Thomas was not the owner of the improvements made by Purdy, but the same belonged to Purdy, and that the relator has his receipt in full for that claim. That he had produced evidence of the improvements to Thomas, and therefore the commissioners had acted contrary to law in making the order vacating the certificates of entries.

To the writ issued on this relation, the commissioners answered, admitting the entry made by Merrill, and the issuing of the certificates. That after two years they vacated the same on the application of Thomas, for the non-payment of the value of the improvements claimed and appraised upon the lands. They then denied that Merrill had furnished any evidence to the commissioners that he paid Thomas for his, improvements within two years after the making of the entry, and therefore the certificates were vacated, &c.

Issue was taken on this answer, and the cause was sent to the circuit court of Dane county for trial, and the jury returned their verdict and [found, " That there was sufficient evidence produced to the said school land commissioners, on the part of the relator, that the relator had paid to the said Joseph Thomas, the amount of the value of the said Thomas' improvements on the lands mentioned in the pleadings and proceedings in this suit, at the time alleged." And this verdict coming into this court, judgment for peremptory writ was refused.

*J. C. Hopkins,* for the relator.

*Orton & Bryant,* for the respondent.

*By the Court,* PAINE, J. On looking into the papers in this case, we are satisfied that the issue sent to the circuit and tried, was an immaterial issue. The question of fact that should be presented, is whether the improvements were paid for by Merrill within the two years after the sale to him, as the statute requires, and not whether he furnished evidence to the commissioners of such payment.

The answer in its present form is defective, and if it had been demurred to, the demurrer would have been sustained. But

as an immaterial issue was joined and tried, and the counsel for the respondent asked leave on the argument of the motion for judgment on the verdict, to file an amended answer, we have decided to allow a further answer to be made, to be filed within ten days.

DIXON, C. J., took no part in the decision of this case, having been of counsel.